UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| GARRETT J. HANAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-174-PLR-CCS |
| | ) | |
| SETERUS, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion to Withdraw and for Extension of Time [Doc. 14] and Motion for Permission to Withdraw as Counsel [Doc. 18]. The parties appeared before the undersigned on November 18, 2014, to address these motions. Attorney Gordon Ball was present representing the Plaintiff. The Plaintiff was present in the courtroom, as was Attorney Robert Asbury. Mr. Asbury is not admitted to practice before the District Court for the Eastern District of Tennessee, but was counsel for the Plaintiff prior to this case being removed to this Court. Attorney Kelly Telfeyan was also present in the courtroom.

In the motions before the Court, Mr. Ball moves the Court to permit him to withdraw as counsel in this matter. In support of this position, he states that he only agreed to participate in this case for a limited duration – until Mr. Asbury became licensed in this Court or until Mr. Asbury obtained substitute counsel who is licensed in this Court. Mr. Ball represents that Mr.

Asbury has failed to complete either of these tasks in a reasonable period. At the hearing, the Court heard Mr. Ball on these matters.

Mr. Asbury agreed with Mr. Ball's statement of events and represented to the Court that he has not moved to be admitted to practice in this Court because he lacks the resources to do so. Mr. Asbury also asserted that he has not been able to find an attorney, who is admitted to practice before this Court and will take on this case, because the Motion to Dismiss pending in this case discourages any new counsel from joining the litigation.

The Court also heard from the Plaintiff. The Plaintiff agreed that Mr. Ball should be permitted to withdraw as counsel in this case. The Plaintiff stated that he understood that Mr. Asbury was not permitted to practice law before this Court. The Plaintiff acknowledged that an Order from this Court relieving Mr. Ball of his duties in this case and removing Mr. Asbury from the docket as counsel would not affect any professional relationship between Mr. Asbury and the Plaintiff. However, Plaintiff stated that he understood would be proceeding *pro se* from the date of the hearing forward, unless and until he retained substitute counsel who appeared on his behalf in this case. The Court counseled the Plaintiff on his obligations to follow all applicable rules and deadlines.

On behalf of the Defendant, Ms. Telfeyan stated that the Defendant did not oppose counsel's withdrawal. However, Defendant did object to the Plaintiff being afforded any relief that would unduly delay the adjudication of the pending Motion to Dismiss.

The Court has considered the positions presented to this Court and the procedural posture of this matter. The Court finds that Mr. Ball's request to withdraw as counsel is well-taken under Local Rule 83.4, and therefore, it is **GRANTED**. Mr. Ball is **RELIEVED** of his duties as counsel in this matter.

2

Case 3:14-cv-00174-PLR-CCS   Document 19   Filed 11/19/14   Page 2 of 4   PageID #: 113

Upon the removal of the Complaint in this case, the Clerk of Court listed Mr. Asbury as counsel for the Plaintiff in this matter. Because Mr. Asbury is not admitted to this Court and has failed to file a timely application for admission, the Clerk of Court is **DIRECTED** to remove Mr. Asbury as counsel of record.

Because Mr. Ball has now been withdrawn as counsel and Mr. Asbury has been removed as counsel, the Plaintiff is **DEEMED** to be proceeding *pro se*. The Plaintiff is hereby **ADMONISHED** that, if and until he obtains substitute counsel, it is his obligation to stay up to date on the status of this case and comply with the deadlines set by the Court. The Plaintiff, like any other party, is expected to comply with the Federal Rules of Civil Procedure, the Local Rules, and the Court's Orders, and any failure to comply with such could result in imposition of sanctions up to and including dismissal of this case.

The Clerk of Court is **DIRECTED** to designate Plaintiff as a *pro se* litigant in the docket and to enter 2115 Karnswood Drive, Knoxville, TN 37918, as his mailing address. Further, the Clerk of Court **SHALL MAIL** a copy of the Scheduling Order [Doc. 10] and a copy of this Memorandum and Order to the Plaintiff at the above address.

With regard to the Plaintiff's request for a period of time to find counsel, the Court finds that this request is well-taken in part. The Plaintiff is deemed to be proceeding *pro se* as of November 18, 2014. However, the Court will delay adjudication of the Motion to Dismiss [Doc. 7], until **thirty days** from now, *i.e.* **December 19, 2014**. Because this case is not set for trial until November 18, 2015, the Court finds that it is not necessary to extend any other deadlines at this time.

In sum, the Motion to Withdraw and for Extension of Time **[Doc. 14]** and Motion for Permission to Withdraw as Counsel **[Doc. 18]** are **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. Mr. Ball is **RELIEVED** of his duties as counsel in this matter;

2. The Clerk of Court is **DIRECTED** to remove Mr. Asbury as counsel of record;

3. As of November 18, 2014, the Plaintiff is **DEEMED** to be proceeding *pro se*;

4. The Clerk of Court is **DIRECTED** to designate Plaintiff as a *pro se* litigant in the docket and to enter 2115 Karnswood Drive, Knoxville, TN 37918, as his mailing address, and to mail a copy of the Scheduling Order and this Memorandum and Order to the Plaintiff at that address; and

5. The Court will delay adjudication of the Motion to Dismiss [Doc. 7], until **December 19, 2014**.

**IT IS SO ORDERED**.

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge