UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GARRETT J. HANAS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:14-CV-174-PLR-CCS |
| | ) |
| SETERUS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, Garrett J. Hanas, has brought this action against Seterus, Inc., the servicer of his residential mortgage, alleging that he is exempt from the payment of property taxes pursuant to Tenn. Code Ann. § 67-5-704. Hanas challenges the payment of property taxes, arguing that as a disabled veteran, he is exempt from paying property taxes pursuant to Tenn. Code Ann. § 67-5-704 and, therefore, should not be held accountable for making a monthly payment that includes an amount intended to cover his real property taxes. Hanas has asserted claims against Seterus for breach of contract, breach of the duty of good faith and fair dealing, defamation, and violation of the Tennessee Consumer Protection Act.

Seterus responds that the Deed of Trust securing Hanas' property contains an escrow provision requiring Hanas to pay, in addition to the amount required to cover his monthly principal, interest, and insurance payments, an amount for taxes, assessments,

and other items (referred to in the Deed of Trust as "Escrow Items"). Despite the Escrow provision, Hanas has refused to include as part of his monthly mortgage payments the amount necessary to cover the designated Escrow Items. Specifically, Hanas has refused to include as part of his monthly payments the amount required to pay the annual property taxes assessed against his residence by Knox County and the City of Knoxville.

## II. Factual Background

On October 16, 2009, Hanas executed a Promissory Note in the amount of $148,825.00. A Deed of Trust executed by Hanas that same day secured the Promissory Note and covered the property at 2115 Karnswood Drive, Knoxville, Tennessee. The Deed of Trust was filed and recorded on November 9, 2009, with the Knox County Register of Deeds. As reflected in the Deed of Trust, Quicken Loans, Inc. was the original lender. The Deed of Trust was subsequently transferred to Fannie Mae. Seterus services the loan on behalf of Fannie Mae. The Deed of Trust securing the property contains an Ecrow provision requiring Hanas to pay, in addition to the amount required to cover his monthly principal, interest, and insurance payments, an amount for taxes, assessments, and other items [R. 8-2, pp. 5-6].

This matter is before the court on defendant Seterus' motion to dismiss Hanas' Complaint in its entirety [R. 7]. As grounds for the motion, Seterus asserts (1) the breach of contract claim should be dismissed because there is no privity of contract between Seterus and Hanas; (2) alternatively, the breach of contract claim is barred by the Statute of Frauds; (3) the claim for breach of the duty of good faith and fair dealing is derivative

2

of the contract claim, and is not a stand-alone claim for which relief may be granted; (4) the claim for defamation should be dismissed because Hanas has acknowledged the truth of the information Seterus allegedly reported to the credit bureaus; and (5) the Tennessee Consumer Protection Act claim should be dismissed because Seterus has not engaged in any unfair or deceptive acts or practices.

In response to Seterus' motion to dismiss, Hanas states that he has never missed a monthly mortgage payment on his residence. Seterus has reported him as delinquent to one or more national credit bureaus and threatened foreclosure on his residence. Hanas argues he is not statutorily or contractually required to pay property taxes to defendant due to his status as a disabled veteran, and that Quicken Loans did not require property tax payments under the Deed of Trust.

For the reasons which follow, Seterus' motion to dismiss will be granted and this action dismissed in its entirety for failure to state a claim upon which relief can be granted.

## I. Standard for Motion to Dismiss

A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the plaintiff's claim that would entitle plaintiff to relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir.) *cert. denied*, 498 U.S. 867 (1990). The court may not grant such a motion to dismiss

based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

### III. Tenn. Code Ann. § 67-5-704

Hanas contends he is exempt from the payment of property taxes pursuant to Tenn. Code Ann. § 67-5-704, which provides:

> There shall be paid from the general funds of the state to certain disabled veterans the amount necessary to pay or reimburse such taxpayers for all or part of the local property taxes paid for a given tax year on that property that the disabled veteran owned and used as the disabled veteran's residence. . . .

Tenn. Code Ann. § 67-5-704(a)(1). Information available on the Tennessee Comptroller's website,[1] expressly states that tax relief recipients are not exempt from paying property taxes. The "tax relief is payment by the State of Tennessee to reimburse certain homeowners who meet the legal requirements for a part or all of property taxes

---

[1] The documentation available from the Tennessee Comptroller's website is a public record. Therefore, it does not transform Seterus's motion to dismiss into a motion for summary judgment. *See Bassett v. NCAA,* 528 F.3d 426, 429 (6th Cir. 2008) ("When a court is presented with a Rule 12(b)(6) motion, it may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein").

4

paid, and is not an exemption. You will still receive your tax bill(s) and be responsible for paying your property taxes each year." [R. 8-3, p. 2]. The website goes on to state that if taxes are paid by a homeowner's mortgage company, the application will be held by the collecting official until payment is received from the mortgage company. The application is then mailed to the state tax relief office. If approved, the homeowner will receive a state check for the tax relief amount. *Id.* The website further states that the burden is on the homeowner to apply to the state office for tax relief. *Id.*

## IV. Breach of Contract

Seterus asserts the breach of contract claim should be dismissed because Seterus and Hanas are not in privity of contract. Hanas contends that privity was established when Seterus assumed responsibility for servicing his mortgage under the Deed of Trust. However, the court need not address these arguments, because regardless of whether privity exists between these parties, any claim for breach of contract would be barred by Tennessee's Statute of Frauds, as explained below.

## V. Statute of Frauds

In the alternative, Seterus asserts that any claim for breach of the terms of the Deed of Trust is subject to dismissal pursuant to Tennessee's Statute of Frauds.

Assuming that a contract exists between Hanas and Seterus, and that Quicken Loans entered into an oral or unwritten agreement that excused Hanas from making

5

payments to cover property taxes, Hanas is barred from pursuing a claim for breach of any such agreement pursuant to Tennessee's Statute of Frauds, which provides:

> No action shall be brought against a lender or creditor upon any promise or commitment to lend money or to extend credit, or upon any promise or commitment to alter, amend, renew, extend or otherwise modify or supplement any written promise, agreement or commitment to lend money or extend credit, unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing and signed by the lender or creditor, or some other person lawfully authorized by such lender or creditor.

Tenn. Code Ann. § 29-2-101(b)(1).

First, the Deed of Trust falls within the Statute of Frauds because it is a written "promise, agreement, or commitment to lend money or extend credit." *Id; see also Lambert v. Home Fed. Sav. & Loan Ass'n,* 481 S.W.2d 770, 772-73 (Tenn. 1972) ("A mortgage or a deed of trust, in its legal respect is a conveyance of an estate or an interest in land and as such within the meaning of the Statute of Frauds"). In addition, the Deed of Trust at issue here contains an escrow provision that explicitly requires the payment of funds to cover certain Escrow Items, which includes property taxes. Therefore, any agreement to modify the terms of the Deed of Trust to excuse Hanas from making escrow payments to cover property taxes would fall within the Statute of Frauds because the agreement would represent a promise or commitment to "alter, amend, extend or otherwise modify or supplement" an existing "promise, agreement or commitment to lend money or extend credit."

Second, assuming Hanas and Quicken Loans entered into an oral or unwritten understanding that excused Hanas from making escrow payments, such an oral or

6

unwritten agreement would be unenforceable. *See Lambert*, 481 S.W.2d at 773 ("An oral contract to mortgage or to give security on real estate is unenforceable"). "It is also the rule that a mortgage cannot be modified or extended by an oral agreement to secure further indebtedness." *Id.* Therefore, even if Hanas and Quicken Loans had an oral or unwritten agreement to excuse Hanas from making escrow payments, such an agreement would be unenforceable under the Statute of Frauds.

Finally, Seterus asserts that in the absence of an agreement which has been reduced to writing, Hanas cannot rely upon parol or extrinsic evidence to argue that the terms of the Deed of Trust were modified. The court agrees. "Perhaps no principle of law is better settled than that parol evidence shall not be received to contradict or extend a written agreement . . . . Upon this principle it has been settled by a variety of cases that where there is a writing, the law holds that it contains all the contract made between the parties, and will not permit parol proof to extend or alter it in any respect whatever." *Betts v. Demumbrune,* 3 Tenn. 39 (Tenn. 1812); *see also Int'l House of Talent, Inc. v. Alabama,* 1985 Tenn. App. LEXIS 2751 at *10 (Tenn.Ct.App. 1985) ("One of the best known and uniformly followed rules of contract law is the 'parol evidence rule' which forbids the receipt of evidence to vary or contradict the terms of a written contract. This is not merely a rule of evidence. It is a rule of substantive law in Tennessee").

Because Hanas does not allege that any side agreement with Quicken Loans that excused him from paying property taxes was reduced to writing, Hanas is barred by the Statute of Frauds from pursuing a claim for breach of any such agreement. Moreover, any oral agreement is unenforceable as a matter of law, nor could the existence of such an

7

agreement be established by parol evidence. Accordingly, Hanas' claim for breach of any oral or unwritten contract is **DISMISSED** for failure to state a claim upon relief can be granted.

## VI.  Duty of Good Faith and Fair Dealing

Hanas concedes that his claim for breach of the duty of good faith and fair dealing should be dismissed if he cannot pursue a claim for breach of contract. Accordingly, Hanas' claim for breach of the duty of good faith and fair dealing is **DISMISSED** for failure to state a claim upon relief can be granted.

## VII.  Defamation

Seterus asserts Hanas' claim for defamation should be dismissed because truth is an absolute defense to a defamation claim, and Hanas has acknowledged the truth of the information Seterus allegedly reported to "one or more national credit bureaus."

To establish a *prima facie* case of defamation under Tennessee law, a plaintiff must establish (1) defendant published a statement; (2) with knowledge that the statement was false and defaming to plaintiff; or (3) with reckless disregard for the truth of the statement or with negligence in failing to ascertain the truth of the statement. *Sullivan v. Baptist Memorial Hosp.,* 995 S.W.2d 569, 571 (Tenn. 1991). Only false statements are actionable, and truth is a nearly universal defense. *West v. Media Gen. Convergence, Inc.,* 53 S.W.3d 640, 645 (Tenn. 2001).

Here, the Complaint alleges that Seterus "has reported the plaintiff as delinquent to one or more national credit bureaus, with full knowledge that the plaintiff has timely paid in full every mortgage payment which he is contractually obligated to make." However, in his Affidavit, Hanas acknowledges that he has refused to pay the funds required to cover payment of property taxes:

> Since acquiring the right to service my residential mortgage from the lender, Quicken Loans, the Defendant has reported me delinquent on the payment of my residential mortgage, because I refuse to pay the Defendant additional funds to secure alleged payment of property taxes for which I am exempt.

(R. 1-1, Hanas Aff. ¶ 5).

Hanas concedes that he has failed to make any payments for property taxes, as required by the Deed of Trust. The failure to make escrow payments as required by the express terms of the Deed of Trust results in a deficiency. Therefore, any delinquency reported by Seterus to the national credit bureaus was true. Because truth is an absolute defense to a defamation claim, Hanas' claim for defamation is **DISMISSED** for failure to state a claim upon which relief can be granted.

## VIII. Tennessee Consumer Protection Act

Seterus asserts that Hanas' claim for violation of the Tennessee Consumer Protection Act (TCPA) should be dismissed because the TCPA does not apply to his claims. In order to recover under the TCPA, Hanas must prove: (1) that Seterus engaged in an unfair or deceptive act or practice declared to be unlawful by the TCPA; and (2) that Seterus's conduct caused an "ascertainable loss of money or property, real, personal

9

or mixed, or any other article, commodity, or thing of value wherever situated." Tenn. Code Ann. § 47-18-109(a)(1).

In his Complaint, Hanas alleges that he has been required to make escrow payments to provide for the payment of property taxes. However, pursuant to Tenn. Code Ann. § 67-5-704, Hanas is entitled to reimbursement from the general funds of the State of Tennessee for any property taxes paid due to his status as a disabled veteran. As evidenced by information available on the Tennessee Comptroller's website, contrary to Hanas' allegations, tax relief recipients are not exempt from paying property taxes. As expressly stated in the documentation, "Tax relief is payment from the State of Tennessee to reimburse certain homeowners who meet the legal requirements for a part or all of property taxes paid, and is not an exemption." [R. 8-3, p.2]. Where an individual's taxes are paid by their mortgage lender, the recipient will receive a state check for the tax relief amount. *Id.*

Thus, while Hanas may be entitled to property tax relief under Tenn. Code Ann. § 67-5-704, he is not exempt from paying property taxes. Moreover, his property is subject to a Deed of Trust, which clearly requires him to pay the property taxes. Based upon the record, the court cannot find that Seterus has engaged in any unfair or deceptive act or practice, as a matter of law, in attempting to collect funds for the payment of property taxes required by the Deed of Trust.

Finally, to the extent that Hanas' claim is based upon allegations that Seterus reported him as delinquent on his mortgage obligation to any national credit bureau, the failure to make escrow payments as required by the terms of the Deed of Trust would

result in a deficiency; thus, any delinquency allegedly reported to the credit bureaus would have been true. The reporting of truthful information does not constitute an unfair or deceptive act or practice under the TCPA. Accordingly, Hanas' claim for violation of the TCPA will be **DISMISSED** for failure to state a claim upon which relief can be granted.

### IX.  Conclusion

In light of the foregoing discussion, (1) Seterus' motion to dismiss plaintiff's complaint in its entirety [R. 7] is **GRANTED**; and (2) Hanas' motion for temporary injunction [R. 4] is **DENIED.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**